**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Harold Yaritz,                                           Case No. 23-cv-49 (WMW/DTS)

    Plaintiff,

v.                                                       **REPORT AND RECOMMENDATION**

Underwriter of Rush City/Moose Lake, et al.,

    Defendants.

---

Plaintiff Harold Yaritz, a prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. [Dkt. No. 1]. Yaritz did not pay the filing fee; instead, he filed an application to proceed *in forma pauperis* (IFP). [Dkt. No. 2]. Upon preliminary review of Yaritz's Complaint pursuant to 28 U.S.C. § 1915A(a), this Court concluded that while Yaritz remained responsible for paying the entire $350 filing fee, he could proceed in this action without first paying an initial partial filing fee because his financial records showed that he had no means and no assets. [Dkt. No. 5]. After outlining the potential deficiencies with Yaritz's complaint, however, this Court gave Yaritz 20 days to decide whether he wanted to financially commit to this matter. [*Id.*]. Having received Yaritz's response in the affirmative, [Dkt. No. 6], Yaritz's Complaint and IFP application are now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Upon that review and for the reasons outlined below, this Court recommends that the Complaint be dismissed without prejudice for failure to state a claim as a matter of law. Accordingly, the Court further recommends that Plaintiff's IFP application, [Dkt. No. 2], and Motion to Appoint Counsel, [Dkt. No. 3], be denied.

## BACKGROUND

This litigation stems from Yaritz's efforts to proceed *in forma pauperis* (IFP) in *Yaritz v. Department of Corrections*, 22-cv-2042 (D. Minn. Aug. 18, 2022) (*Yaritz I*) and *Yaritz v. State of Minnesota*, 22-cv-2320 (D. Minn. Sept. 22, 2022) (*Yaritz II*). In those cases, Yaritz claims that the prison's financial department incorrectly calculated the average balance of and deposits to his prison trust account in the six months preceding each action, creating the appearance that he had more financial assets than he did. [Dkt. No. 1 at ¶¶ 2-3]. Yaritz claims that this error was intentional, malicious, and delayed those cases from moving forward. [Dkt. No. 1 at ¶ 1].

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A—a part of the Prison Litigation Reform Act (PLRA)—the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a "pro se complaint must be liberally construed," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014), pro se plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible or their complaint must be dismissed," *Twombly*, 550 U.S. at 569-70.

**ANALYSIS**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006). Here, Yaritz alleges that the defendants obstructed justice by failing to accurately complete the Certificate of Authorized Prison Official form he was required to file with the court along with his IFP applications pursuant to 28 U.S.C. § 1915(a)(2). Although Yaritz does not specifically couch this claim in terms of an alleged violation of a constitutional right, recognizing that *pro se* complaints are to be liberally construed, this Court analyzes this claim in terms of Yaritz's constitutional right to meaningful access to the courts.

The United States Constitution guarantees prisoners a right to access to the courts. *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). For prisoners, meaningful access to the courts 'requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Id.* at 679-80 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 354 (1996)).

"To prove a violation of the right of meaningful access to the courts, [moreover], a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* at 680.

Here, Yaritz has failed to establish *any* injury. In *Yaritz II*, the Honorable Magistrate Judge Elizabeth Cowan Wright has recommended that the action be dismissed without

prejudice for failure to state a claim as a matter of law. *Yaritz II* [Dkt. No. 13]. Since the underlying legal claim has not been determined to be nonfrivolous, it cannot be said that any delay attributable to initially receiving incorrect financial information hindered those claims. Further, with respect to *Yaritz I*, Yaritz does not identify any motion or pleading that has been denied as untimely or any claim that has been found to be moot because there was a delay in determining that Yaritz could proceed without paying an initial partial filing fee. Accordingly, Yaritz has failed to establish any injury as a result of this purported delay and his "access-to-the-courts" claim should be denied.

Finally, Yaritz repeatedly accuses the defendants of obstruction of justice for committing perjury in providing inaccurate financial information to the Court. [Dkt. No. 1 at ¶ 5]. To the extent that Yaritz is requesting that the Court investigate or prosecute the defendants for alleged criminal offenses, Yaritz misapprehends the role of the federal courts. Article III of the United States Constitution only allows federal courts to consider actual, ongoing cases or controversies. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy."). This Court has no authority to exceed its limited powers by, for example, conducting its own investigations or prosecuting alleged crimes.

This Court previously warned Yaritz about the deficiencies in his Complaint. [Dkt. No. 5]. Yaritz did not heed this warning. [Dkt. No. 6]. Because Yaritz is a prisoner, even though this action should be dismissed, he remains responsible for the $350.00 filing fee in this matter, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b). Prison officials should be apprised of that requirement. *Id.* Furthermore, since the action should be dismissed, Yaritz's application to proceed IFP should be denied. *See* 28 U.S.C. § 1915(e)(2)(B). Finally, this Court does not believe that appointment of counsel would

4

serve the interests of justice in this matter and recommends that Yaritz's motion for appointment be denied, as well. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, the Court RECOMMENDS THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1).

2. The application to proceed *in forma pauperis* (IFP) of plaintiff Harold David Yaritz [Dkt. No. 2] be DENIED.

3. Yaritz's Motion to Appoint Counsel [Dkt. No. 3] be DENIED.


Dated: April 10, 2023                                    s/David T. Schultz
                                                          DAVID T. SCHULTZ
                                                          U.S. Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).