UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Harold Yaritz, | Case No. 23-cv-0049 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Underwriter of Rush City/Moose Lake, Paul Schnell, Michelle Smith, Nan Larson, Warden Bosch, Victor Wanchena, Stephanie Huppert, Westphal, | |
| Defendants. | |

Before the Court is the April 10, 2023 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 7.) Plaintiff Harold Yaritz timely filed objections. (Dkt. 8.) For the reasons stated below, the Court overrules Yaritz's objection, adopts the R&R, denies the IFP application, denies the motion appoint counsel and dismisses the action without prejudice.

## BACKGROUND

This litigation stems from Yaritz's efforts to proceed in forma pauperis (IFP) in *Yaritz v. Department of Corrections*, 22-cv-2042 (D. Minn. Aug. 18, 2022) (*Yaritz I*) and *Yaritz v. State of Minnesota*, 22-cv-2320 (D. Minn. Sept. 22, 2022) (*Yaritz II*). In those cases, Yaritz claims that the prison's financial department incorrectly calculated the average balance of and deposits to his prison trust account in the six months preceding each action, creating the appearance that he had more financial assets than he did. (Dkt. 1 at 2-

3.) Yaritz claims that this error was intentional, malicious, and delayed those cases from moving forward. (Dkt. 1 at 1.)

## ANALYSIS

The Court reviews *de novo* the portions of an R&R objected to by a party and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must "specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). An objection that restates arguments made to and considered by the magistrate judge is reviewed for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). When reviewing an R&R, the Court does not consider evidence that was not submitted to the magistrate judge for consideration. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-cv-2666, 2017 WL 1373257, at *2 (D. Minn. Apr. 13, 2017) (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Yaritz is self-represented, the Court liberally interprets his objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

### I.     Yaritz's Objection to the R&R

Construing Yaritz's objection liberally, the Court applies the legal standards governing the review of objections to the R&R. Under 28 U.S.C. § 636(b)(1) and the local

rules of the District of Minnesota, the Court reviews *de novo* the portions of an R&R that are objected to by a party. The Court may accept, reject, or modify the findings or recommendations made by the magistrate judge.

In order for objections to be considered, they must specify the particular portions of the magistrate judge's report and recommendation to which the objections are made and provide a basis for those objections. *Mayer*, 2008 WL 4527774, at *2. However, Yaritz's objection fails to meet these requirements. Instead of clearly articulating what he is objecting to, Yaritz's objection seems to deviate from the substance of the R&R and delve into a discussion concerning the need for improved resources for inmates. This lack of specificity and relevance undermines the persuasiveness of Yaritz's objection.

When objections merely restate arguments previously made to and considered by the magistrate judge, they are reviewed for clear error. *Montgomery*, 98 F.Supp.3d at 1017. Furthermore, the Court only considers evidence that was submitted to the magistrate judge for consideration. *In re Bair Hugger*, 2017 WL 1373257, at *2. In the absence of specific objections, the Court reviews an R&R for clear error. *Grinder*, 73 F.3d at 795. But in the case of self-represented individuals such as Yaritz, the Court applies a liberal interpretation to their objections. *Erickson*, 551 U.S. at 94; *Horsey*, 741 F.2d at 211 n.3.

After considering Yaritz's objection in light of these legal principles, the Court concludes that Yaritz's objection lacks substance, fails to clearly identify the specific objection to the R&R and does not address the issues raised in a meaningful manner. Therefore, the Court overrules Yaritz's objections.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Harold Yaritz's objection to the April 10, 2023 R&R, (Dkt. 8), is **OVERRULED**;

2. The April 10, 2023 R&R, (Dkt. 7), is **ADOPTED**;

3. Yaritz's Application to Proceed IFP, (Dkt. 2), is **DENIED**;

4. Yaritz's Motion to Appoint Counsel, (Dkt. 3), is **DENIED**;

5. Yaritz's Complaint, (Dkt. 1), is **DISMISSED without prejudice**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 19, 2023               s/Wilhelmina M. Wright
                                  Wilhelmina M. Wright
                                  United States District Judge